IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ATRIUM CIRCLE, G.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAILORMEN, INC., ) <br> ) <br> Defendant/Third- ) <br> Party Plaintiff, ) <br> ) <br> ) <br> ROBERT MCADAMS ) <br> ) <br> Third-Party ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 5:24-cv-412 (MTT) |

## ORDER

Third-Party Defendant Robert McAdams moves to dismiss for lack of personal jurisdiction the third-party complaint Sailormen, Inc. ("Sailormen") brought against him (ECF 34). ECF 41. The complaint does not allege facts establishing personal jurisdiction over McAdams either under Georgia's long-arm statute or the Due Process Clause. Accordingly, McAdams' motion to dismiss (ECF 41) is **GRANTED**. The complaint (ECF 34) is **DISMISSED without prejudice**.

### I. BACKGROUND

For the purposes of this motion, the Court takes the following facts from Sailormen's complaint. Sailormen is a Florida corporation that owns and operates Popeyes franchise restaurants in Georgia and Florida. ECF 34 ¶ 5, 9. Sailormen leased a Popeyes franchise location in Gray, Georgia, from Atrium Circle, G.P. ("Atrium"). *Id.* ¶¶ 10–12. In October 2023, Sailormen entered into an agreement with Tar Heels Spice,

Inc. ("Tar Heels Spice") to sell and assign Sailormen's interest in sixteen Popeyes locations, including its interest in the Gray Popeyes leasehold, to Tar Heels Spice. *Id.* ¶ 15. To notify Atrium of the proposed lease assignment, Sailormen sent a letter to two people: Tammy Wright, the contact for notices relating to the Gray Popeyes lease, and Third-Party Defendant McAdams. *Id.* ¶¶ 12, 18. Sailormen and its agent, STNL, communicated with McAdams concerning the proposed lease assignment. *Id.* ¶¶ 19, 29, 39. When asked whether McAdams could execute the assignment and assumption on behalf of Atrium, McAdams represented that he could. *Id.* ¶ 29. Then McAdams purportedly executed the assignment. *Id.* ¶ 1.

Tar Heels Spice defaulted on rent payments for the Gray Popeyes lease in 2024. *Id.* Atrium sued Sailormen claiming, among other things, that McAdams lacked authority to execute the assignment and assumption on Atrium's behalf. *Id.*; ECF 16. And McAdams claimed in an unsworn declaration that he did not have authority to execute the assignment on Atrium's behalf. ECF 34 ¶¶ 21, 35. In turn, Sailormen sued McAdams, alleging fraud or, alternatively, negligent misrepresentation, for "affirmatively stating to Sailormen that he had authority to execute the Assignment and Assumption and executing the same." *Id.* ¶ 1.

## II. STANDARD

"It is by now almost axiomatic that a plaintiff bears the burden of establishing a prima facie case of personal jurisdiction, meaning it must present enough evidence to withstand a motion for a directed verdict." *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021); *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction

over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction"). The Court accepts "as true the allegations in the complaint" to the extent they are uncontroverted by the defendant's affidavits. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *but see Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) ("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." (citation modified)). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."[1] *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (citation modified). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

### III. DISCUSSION

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute, and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1257–58 (quoting *Mazer*, 556 F.3d at 1274). Moreover, federal courts applying a state long-arm statute must "construe it as would the state's supreme court."

---

[1] McAdams filed an "unsworn 'declaration' under 28 U.S.C. § 1746(2) which is treated as evidence under that section." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1347 n.4 (11th Cir. 2013) (referring to an unsworn declaration as an "affidavit" when analyzing personal jurisdiction); *see* ECF 41–1.

*Id.* at 1258 (quoting *Lockard v. Equifax, Inc.,* 163 F.3d 1259, 1265 (11th Cir.1998)). The Georgia Supreme Court interprets the Georgia long-arm statute "literally." *Id.* at 1259.

### A. The Court Does Not Have Personal Jurisdiction Under Georgia's Long-Arm Statute.

The Georgia long-arm statute provides Georgia courts with jurisdiction over a nonresident if, among other things, the nonresident:

  (1) Transacts any business within this state;

  (2) Commits a tortious act or omission within this state . . . ; [or]

  (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

O.C.G.A. § 9-10-91.[2]

Sailormen devotes little, if any, of its response brief to arguing jurisdiction obtains under subsections (2) or (3) of the Georgia long-arm statute. *See* ECF 44. Nevertheless, the Court observes the complaint does not allege facts showing jurisdiction under either subsection. *See* ECF 34. Sailormen does not allege McAdams committed a tortious act or omission *within* Georgia to satisfy subsection (2). *See id.*; *see Marsalis v. STM Reader, LLC*, 806 F. App'x 748, 751 (11th Cir. 2020) ("[Plaintiff]'s claims cannot succeed under subsection (2) because he does not allege [the nonresident defendant] committed any tort within Georgia."). Nor does Sailormen allege any facts suggesting McAdams "regularly conduct[s] or solicit[s] business in Georgia, or that [he has] derived substantial revenue from goods used or services rendered in Georgia" to satisfy subsection (3). *Marsalis*, 806 F. App'x at 751; *see* ECF 34. While the

---

[2] Sailormen does not suggest any other provisions of the Georgia long-arm statute apply. *See* ECF 44.

complaint broadly asserts, McAdams "committed tortious acts in Georgia" and "maintains systematic and continuous contacts with Georgia," these conclusory allegations are not enough to avoid dismissal. ECF 34 ¶ 7; *see Wiersum*, 785 F.3d at 485. In sum, Sailormen has not alleged facts setting forth a prima facie case for personal jurisdiction under O.C.G.A. § 9-10-91(2) or (3).

The Court is further assured it lacks jurisdiction under subsections (2) and (3) after reviewing McAdams' unsworn declaration. ECF 41–1. McAdams asserts he is a practicing accountant in Texas and that he worked as an independent contractor accountant for Atrium Circle. *Id.* ¶¶ 3, 4. McAdams is not a licensed accountant in Georgia, and he has no business affiliations in Georgia or property here. *Id.* ¶¶ 5, 7, 14. He also states he has only visited Georgia once since the COVID-19 Pandemic and he did so to visit his brother at Lake Oconee in 2023. *Id.* ¶¶ 11, 12. These facts further demonstrate McAdams did not have the necessary Georgia contacts for the Court to exercise jurisdiction under subsections (2) and (3).

Sailormen principally argues the Court has jurisdiction under O.C.G.A. § 9-10-91(1) because McAdams "transact[ed] business in Georgia" when he executed the lease assignment. ECF 44 at 4–6. Jurisdiction exists under subsection (1) if:

> (1) the nonresident defendant has *purposefully done some act or consummated some transaction in this state*, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

*Cascade Aircraft Mgmt., LLC v. Velazco*, 374 Ga. App. 397, 402, 913 S.E.2d 4, 9 (2025), *cert. denied* (July 1, 2025) (quoting *Amerireach.com, LLC v. Walker*, 290 Ga. 261, 269, 719 S.E.2d 489, 496 (2011)). Notably, a defendant may transact business in

Georgia without being physically present in the state. *Diamond Crystal Brands*, 593 F.3d at 1264 (explaining courts must also consider "a nonresident's mail, telephone calls, and other intangible acts" (citation modified)).

Georgia courts analyze the first two conditions "to determine whether a defendant has established the minimum contacts with the forum state necessary for the exercise of jurisdiction." *Cascade Aircraft Mgmt.*, 374 Ga. App. at 402, 913 S.E.2d 4 (quoting *Sullivan v. Bunnell*, 340 Ga. App. 283, 286, 797 S.E.2d 499, 502 (2017)). "It is essential, then, that there be 'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* at 403, 913 S.E.2d 4 (quoting *Sullivan*, 340 Ga. App. at 286, 797 S.E.2d 499). If minimum contacts exist to support the exercise of jurisdiction, the Court then considers "whether the exercise of jurisdiction is reasonable—that is, to ensure that it does not result solely from random, fortuitous, or attenuated contacts." *Id.* (citation modified).

Here, Sailormen has not alleged facts showing McAdams has purposefully done some act or consummated some transaction in Georgia to satisfy the first condition for exercising jurisdiction under subsection (1). Sailormen alleges McAdams communicated with Sailormen and its agent, STNL, regarding the assignment of the Gray Popeyes leasehold and executed that assignment and assumption purportedly on Atrium's behalf. ECF 34 ¶¶ 1, 19, 29, 39. But that alone is not enough for personal jurisdiction, and Sailormen has not alleged more. For example, Sailormen does not allege McAdams traveled to Georgia or that McAdams communicated with a Georgia resident concerning the assignment. ECF 34. Nor does Sailormen allege McAdams had any

*personal* interest in the Georgia property or received any benefit related to the Georgia property, and it is clear that he did not. *Id.*

Where Sailormen's complaint is lacking in detail, McAdams' unsworn declaration serves to fill in the blanks. *See* ECF 41–1. McAdams avers he never visited Georgia for the purpose of the assignment and that he did not communicate with anyone in Georgia, apart from his counsel, "related to the cause of action in the present case." *Id.* ¶¶ 10–15. Moreover, he states, "[he] never solicited contact with STNL Advisors; they reached out to [him]," and that he emailed STNL "from [his] office in the State of Texas." *Id.* ¶ 15, 16. To McAdams' knowledge, STNL is located in Morristown, New Jersey. *Id.* ¶ 17. Sailormen has not disputed these facts in its brief or in a competing declaration.[3] *See* ECF 44. Accordingly, the Court lacks jurisdiction under subsection (1) because Sailormen has not sufficiently alleged McAdams engaged in an act that purposefully availed him of the privileges of doing business in Georgia and because McAdams' declaration further reveals that he did not engage in such an act.

Sailormen argues the Court should exercise jurisdiction here because the effects of the assignment in Georgia are substantial, even though McAdams never physically traveled to Georgia, citing *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 520, 631 S.E.2d 734, 739 (2006). ECF 44 at 5. To be sure, "a single event may be a sufficient basis for the exercise of long arm jurisdiction if its effects within the forum are substantial enough even though the nonresident has never been physically present in the state." *Aero Toy Store*, 279 Ga. App. at 520, 631 S.E.2d 734. Even so, subsection

---

[3] On the contrary, Sailormen submits another unsworn declaration from McAdams that details the extent of his communication with Sailormen and STNL regarding the assignment. ECF 44–1 ¶ 6. It does not show McAdams communicated with anyone in Georgia concerning the assignment. *Id.*

(1) still requires an act by which the defendant purposefully availed himself of the privilege of doing business in Georgia. See e.g., *Sullivan*, 340 Ga. App. at 286–87, 797 S.E.2d 499. For example, in *Aero Toy Store*, Georgia courts had personal jurisdiction where "the defendant operated an interactive website through which it ha[d] reached out to, and done business with, persons in Georgia." 279 Ga. App. at 523, 631 S.E.2d 734. Likewise, in *Noorani v. Sugarloaf Mills Ltd. P'ship of Georgia*, Georgia courts had personal jurisdiction where the defendant executed a guaranty of payments under a lease for the rental of Georgia retail space. 308 Ga. App. 800, 804, 708 S.E.2d 685, 689 (2011). Though the defendant physically executed the guaranty in Texas, his Georgia contacts "relating to the financial success of the store . . . were clearly of personal benefit to him," satisfying the first condition for obtaining jurisdiction under subsection (1). *Id.* Without some act showing McAdams "purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," subsection (1) does not confer personal jurisdiction over McAdams. *See Cascade Aircraft Mgmt.*, 374 Ga. App. at 403, 913 S.E.2d 4. Sailormen has not alleged such an act, so the Court lacks jurisdiction here.

    **B.  The Court Does Not Have Personal Jurisdiction Under the Due Process Clause.**

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "The heart of this protection is fair warning—the Due Process Clause requires 'that the defendant's conduct and connection with the forum State be such that he should

reasonably anticipate being haled into court there.'" *Diamond Crystal Brands*, 593 F.3d at 1267 (quoting *Burger King*, 471 U.S. at 474) (brackets omitted). "Therefore, states may exercise jurisdiction over only those who have established certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citation modified). The "fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum . . . , and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (citation modified). "Put differently, the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Diamond Crystal Brands*, 593 F.3d at 1267.

As explained above, Sailormen's complaint does not allege McAdams, a Texas citizen and resident, purposefully directed his activities at Georgia residents or purposefully established contacts here, and McAdams' unsworn declaration further affirms that he did not. *See* ECF 34; ECF 41–1. His role in facilitating—on behalf of his employer—the purported assignment of the Gray Popeyes leasehold does not, without more, show McAdams purposefully established contacts in Georgia. Sailormen argues McAdams should have reasonably anticipated being haled into court here because he "either purposefully or negligently misrepresented to Sailormen multiple times that he had authority to bind Atrium and then executed the Assignment." ECF 44 at 7. But the salient question is not whether McAdams could have anticipated being haled into court *generally* but whether his contacts with Georgia are such that he should have

reasonably anticipated being haled into court *here*. *See e.g., Diamond Crystal Brands*, 593 F.3d at 1267. The complaint does not allege McAdams had any contact with Georgia residents or any interest in the Georgia real property that was the subject of the alleged assignment. ECF 34. Thus, the Court also lacks personal jurisdiction over McAdams under the Due Process Clause.

## IV. CONCLUSION

For the forgoing reasons, McAdams' motion to dismiss (ECF 41) is **GRANTED** and Sailormen's complaint (ECF 34) is **DISMISSED without prejudice**.

**SO ORDERED**, this 21st day of October, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
